401 So.2d 387 (1981)
Pearl JORDAN
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Southeast Louisiana Hospital.
No. 14053.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*388 Mary E. Howell, Howell, Kellogg & Bayer, New Orleans, for appellant.
E. Michael Harrison, Staff Atty., Dept. of Health & Human Resources, Baton Rouge, for appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Pearl Jordan, an employee of the Southeast Louisiana Hospital, appeals a decision by the Louisiana State Civil Service Commission upholding her suspension for three days by the hospital. We affirm.
Ms. Jordan was suspended for violating DHHR policy XX-XXXX-X[1] and for disobedience of direct orders from her supervisor.
A review of the record indicates that there was sufficient evidence on which the Civil Service Commission could base its findings of fact. Essentially, appellant made repeated derogatory remarks, some admitted to, about the prospective employment of a handicapped worker who was ultimately hired as appellant's secretary. After being warned by a superior, appellant, on at least two occasions, commented on the new employee's physical defects. The suspension followed.
Four of appellant's specifications of error warrant consideration. Appellant urges that her speech was protected, that the facts as found were erroneous, that no harm was caused, and that no offense was committed.
Very able counsel for plaintiff has tried to posture this matter as one involving free speech. We fully recognize the importance of free speech and would zealously defend same but we find that this is simply not a case involving free speech. Plaintiff was not disciplined for speaking out on an issue of public concern. Nor was she disciplined for making relevant comments about questionable working conditions. To the contrary, plaintiff, characterized by a fellow employee as an "(e)xtremely outspoken" woman, was suspended for disobeying the instructions of her superior and repeatedly griping about the possible hiring of a cripple. Furthermore, even if this were a matter of free speech, we would have to conclude that the instructions laid down by plaintiff's superior were a reasonable regulation of the time, place and manner of speech reasonably related to the smooth functioning of the hospital.
The record, although not the strongest we have seen, supports a finding that Ms. Jordan was, at least for a period of time, a complaining malcontent.
Regarding plaintiff's claim that no offense was committed, there is no way that a hiring authority can list all the particular statements that may be impermissible. General rules must suffice. In the instant case, the speech by appellant clearly demonstrated a poor attitude toward the handicapped employee and a refusal to obey a valid order to desist from same. Such an *389 attitude certainly impairs the efficiency of a department, particularly in a hospital attempting to help those with defects. The contentiousness displayed by plaintiff clearly constitutes harm and, as such, is punishable.
Under the circumstances, the punishment meted out, a three-day suspension, was reasonable.
For the foregoing reasons, the decision of the Civil Service Commission is affirmed. All costs are to be paid by Pearl Jordan.
AFFIRMED.
NOTES
[1] DHHR Policy XX-XXXX-X provides in part:

"No person shall, on the ground of race, color, national origin, or handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity conducted in this agency. The Department of Health and Human Resources will take appropriate action to insure that the above will be implemented at all levels of administration."